E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238
    Facsimile: (213) 894-0141
    E-mail:   kyle.kahan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:22-376-SPG |
| Plaintiff, | MEMORANDUM IN AID OF DEFENDANT MANUEL GUTIERREZ'S CHANGE OF PLEA HEARING |
| v. | |
| MANUEL GUTIERREZ, | Hearing Date: April 26, 2023 Hearing Time: 10:00 a.m. Location: Courtroom of the Honorable Sherilyn Peace Garnett |
| Defendant. | |

    Plaintiff United States of America, by and through its attorneys

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Kyle W. Kahan, and

defendant MANUEL GUTIERREZ ("defendant"), by and through his counsel

of record, Deputy Federal Public Defender Anne D. O'Toole, hereby

jointly submit this memorandum in aid of defendant's change of plea

hearing.

///

///

1

<u>GUILTY PLEA</u>

2      1.    The government expects that defendant will plead guilty to

3 the five-count Indictment in <u>United States v. Manuel Gutierrez</u>, CR

4 No. 22-376-SPG, which charges defendant with four counts of Opening

5 and Destruction of Mail by a Postal Service Employee Without Lawful

6 Authority, in violation of 18 U.S.C. § 1703(a), and one count of

7 Embezzlement of Mail by a Postal Employee, in violation of 18 U.S.C.

8 § 1709.

9

<u>NATURE OF THE OFFENSE</u>

10      2.    In order for defendant to be guilty of the crimes charged

11 in counts one and three through five, that is, Opening and

12 Destruction of Mail by a Postal Service Employee Without Lawful

13 Authority, in violation of 18 U.S.C. § 1703(a), the following must be

14 true: (1) While working as a Postal Service officer or employee,

15 defendant was entrusted with or came into possession of a package or

16 mail; (2) The package/mail was intended to be conveyed by mail or

17 forwarded through or delivered from any post office or station

18 thereof established by authority of the Postmaster General or the

19 Postal Service; and (3) Defendant unlawfully secreted, destroyed,

20 detained, delayed, or opened the package/mail.

21      3.    In order for defendant to be guilty of the crime charged in

22 count two, that is, Embezzlement of Mail by a Postal Service

23 Employee, in violation of 18 U.S.C. § 1709, the following must be

24 true: (1) While working as a Postal Service employee, the defendant

25 was entrusted with or came into possession of mail; (2) The mail was

26 intended to be conveyed by mail; and (3) The defendant embezzled the

27 mail or an article contained therein.

28

PENALTIES

4.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1703(a) is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1709 is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    The total maximum sentence for all offenses to which defendant is pleading guilty is: twenty-five years' imprisonment; a three-year period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $500.

7.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9.   If defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

10.  The parties jointly propose the following factual basis:

Between July 31, 2020 and August 21, 2020, defendant served as a mail handler for the United States Postal Service ("USPS") at the Los Angeles Network Distribution Center ("LANDC") in Los Angeles, California, within the Central District of California.  As a USPS mail handler, defendant was entrusted with and regularly came into

4

the possession of mail and packages that were sent via the USPS. Specifically, defendant's duties included the handling and sorting of mail and packages within the mail stream that traveled through the LANDC.  During the above-described time period, defendant unlawfully secreted, opened, and destroyed at least four pieces of mail that were intended to be conveyed by the United States mail, and unlawfully stole the contents of one piece of mail that was intended to be conveyed by the United States mail.

Specifically, on or about July 31, 2020, at the LANDC, defendant took a parcel containing cards that was intended to be conveyed by the United States mail, opened it, removed the contents, and placed the contents in his backpack.  Defendant then placed the opened parcel back into the mail stream.  On or about August 1, 2020, at the LANDC, defendant took a USPS priority package, opened it using a pair of scissors, and removed its contents, namely jewelry.  Defendant then placed the removed jewelry into his pants pocket.  That same day, at the LANDC, defendant took a yellow package address to C.C. in Los Angeles, California, and opened it with scissors.  Defendant then removed and stole the contents of the package, namely Magic the Gathering trading card packets valued at $68.90.  On or about August 7, 2020, defendant took a USPS priority package addressed to R.C.T.V., opened it, and removed the contents, namely coins and a coin catalogue.  Finally, on or about August 21, 2020, at the LANDC, defendant took a package address to M.M., tore it open, removed its contents, namely baseball cards, and placed the cards inside of his backpack.

///

///

1

SENTENCING FACTORS

2       11.  In determining defendant's sentence, the Court is required

3   to calculate the applicable Sentencing Guidelines range and to

4   consider that range, possible departures under the Sentencing

5   Guidelines, and the other sentencing factors set forth in 18 U.S.C.

6   § 3553(a).  The Sentencing Guidelines are advisory only.  Defendant

7   cannot have any expectation of receiving a sentence within the

8   calculated Sentencing Guidelines range.  After considering the

9   Sentencing Guidelines and the other § 3553(a) factors, the Court will

10  be free to exercise its discretion to impose any sentence it finds

11  appropriate up to the maximum set by statute for the crimes of

12  conviction.

13      12.  Defendant and the United States Attorney's Office have made

14  no agreement as to the applicable Sentencing Guidelines factors, or

15  the applicable specific offense characteristics, adjustments, and

16  departures under the Sentencing Guidelines.

17  WAIVER OF CONSTITUTIONAL RIGHTS

18      13.  By pleading guilty, defendant gives up the following

19  rights:

20          a.  The right to persist in a plea of not guilty.

21          b.  The right to a speedy and public trial by jury.

22          c.  The right to be represented by counsel – and if

23  necessary have the Court appoint counsel - at trial.  Defendant

24  understands, however, that, defendant retains the right to be

25  represented by counsel – and if necessary have the Court appoint

26  counsel – at every other stage of the proceeding.

27

28

     d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e.    The right to confront and cross-examine witnesses against defendant.

     f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: April 25, 2023         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

   */s/ Kyle W. Kahan*
_____
KYLE W. KAHAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

   /s/ Anne O'Toole
_____
ANNE D. O'TOOLE
Deputy Federal Public Defender
Attorney for Defendant
MANUEL GUTIERREZ